

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00187-CR

GRACIE DARLENE GRANT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323432

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Alleging that Gracie Darlene Grant violated four terms of her community supervision,[1] the State moved to revoke Grant's community supervision and to proceed to an adjudication of her guilt. While Grant pled true to only one of the State's four allegations that she violated the terms and conditions of her community supervision, the trial court found all four allegations true and granted the State's motion. Grant was sentenced to two years' incarceration and was ordered to pay the remaining $2,892.10 in restitution. Grant appeals.

Grant's attorney on appeal has filed a brief that states he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has complied with her obligations under prevailing authority. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel mailed copies of the brief, the clerk's and reporter's records, and a letter to Grant informing her of her right to review the record and file a pro se response. Grant filed a pro se brief arguing (1) her plea of true to one of the counts was based on a disagreement with her counsel and was "against

---

[1]In 2014, Grant had pled guilty to theft of property valued at $1,500.00 or more, but less than $20,000.00. Pursuant to the terms of her plea agreement, Grant was placed on deferred adjudication community supervision for three years and was ordered to pay $5,486.82 in restitution. In 2018, her community supervision was extended by two years.

[her] better judgment," (2) she did not have enough time to prepare for the revocation hearing with her counsel, (3) the trial court defamed her character by calling her a thief, (4) the judge was biased against her, (5) the judge used her husband's and daughter's income to determine whether she had the ability to pay restitution as ordered, (6) the judge discriminated against her for listening to the testimony of her community supervision officer as she described how Grant dressed and the items in her possession during their meetings, (7) she was confused about her range of punishment and the district attorney's plea offer, and (8) the trial court's attitude changed "after lunch" and resulted in unfair punishment.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and find no genuinely arguable appellate issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]


Josh R. Morriss, III
Chief Justice

Date Submitted:    May 1, 2019
Date Decided:    May 6, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

3